UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES W. VINCENT | CIVIL ACTION NO. 6:14-3336 |
| VERSUS | JUDGE HAIK |
| PAUL DEMAHY | MAGISTRATE JUDGE HILL |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff James W. Vincent ("Vincent"), proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983.  Vincent is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), currently incarcerated at the Pine Prairie Correctional Center in Pine Prairie, Louisiana. Plaintiff  names his former court appointed defense counsel, Paul deMahy (now Judge deMahy), as the sole defendant.

Vincent alleges that deMahy rendered ineffective assistance of counsel when he represented Vincent in connection with his criminal prosecution for forceable rape for which he was ultimately sentenced to serve twenty-five years imprisonment.[1]  Vincent alleges that deMahy brokered a plea bargain for a 50 year sentence.  However, Vincent contacted another attorney, Charles Bernnett, who was able to get a 25 year plea bargain.

Vincent additionally complains that during the time that he represented Vincent, deMahy was running for office.  DeMahy was elected Judge of Sixteenth Judicial District Court in the late 1980's.  Correspondence attached to the Complaint reveals that Vincent's

---

[1]Vincent was apparently additionally sentenced to serve 8 years for a parole violation. *See* rec. doc. 1-1, pg. 1.

criminal prosecution was in 1984.[2]  Vincent seeks compensatory damages and his immediate release from prison.

By separate Motion [rec. doc. 5], Vincent claims that he is eligible for work release and, accordingly, seeks a court order requiring that he be transferred to Iberia Parish so that he can work at the LSU Agriculture Experiment Farm or, alternatively, work offshore as a cook's helper.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## Law and Analysis

### I. Screening

When a prisoner files suit *in forma pauperis* pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint is subject to dismissal for failure to state a claim if the

---

[2] *See* rec. doc. 1-2, pg. 3.

allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Vincent has set forth specific facts which he claims entitles him to damages and his immediate release from prison; he has pleaded his best case. The facts alleged by Vincent have been accepted as true for the purposes of this Report. Nevertheless, Vincent's claims are subject to dismissal for the reasons which follow.

## II.  Non-State Actor

To the extent that Vincent seeks money damages from his court-appointed public defender Paul deMahy, Vincent has failed to state a claim upon which relief may be granted. To prevail on a civil rights claim an inmate must prove that a "person" acting under color of law, deprived him of rights, privileges, or immunities secured by the United States Constitution and laws. 42 U.S.C. § 1983; *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The under "color of law" requirement, requires that the defendant in a § 1983 action be a state actor, that is, he must have committed the complained-of acts in the course of the performance of their duties and have misused the power that they possessed by virtue of state law and made possible only because the defendant was clothed with the authority of state law. *United States v. Classic*, 313 U.S.

299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

Private attorneys, including public defenders, are not state actors within the meaning of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 321-22 (1981); *Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995); *Mills v. Criminal District #3*, 837 F.2d 677, 679 (5th Cir. 1988); *Nelson v. Stratton*, 469 F.2d 1155 (5th Cir. 1972), *cert. denied* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed. 2d 691 (1973); *Breaux v. Public Defender 15th Judicial District*, 2012 WL 1712574, *1-2 (W.D. La. 2012). Thus, they are generally not subject to suit under § 1983.

Plaintiff alleges that his court-appointed attorney, deMahy, violated his constitutional rights by rendering ineffective assistance of counsel in his criminal prosecution which occurred well over 25 years ago. Vincent's only allegations against deMahy arose out of deMahy's representation of him in the then pending criminal proceeding. Vincent has failed to show that deMahy was a state actor or that he was acting under color of law at the time he allegedly violated Vincent's rights. Vincent's civil rights claims for monetary damages against deMahy should therefore be dismissed for failure to state a claim upon which relief may be granted and as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

### III. *Heck v. Humphrey*

Even if Vincent had stated a claim against deMahy, to the extent that Vincent seeks monetary damages in connection with his state criminal proceeding, which resulted in his conviction for forceable rape and twenty-five year sentence, his claim is barred

under the principles set forth by the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371. Moreover, if judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already been invalidated. *Id.*

Vincent's claim would, if true, necessarily implicate the validity of his state court criminal proceeding and the conviction and sentence imposed therein. Vincent does not contend that his conviction or his sentence have been reversed, expunged, or declared invalid. Moreover, there is no jurisprudence establishing that this conviction or sentence

has been reversed, expunged, or declared invalid. Furthermore, no federal court has issued a writ of *habeas corpus*.

While Vincent suggests that his forceable rape conviction and resulting twenty-five year sentence are invalid, Vincent stands convicted, and his conviction was, in part, the result of the alleged complained of ineffective assistance of his court-appointed defense counsel, deMahy. Thus, it is clear that if this court were to grant Vincent the damages he seeks, that ruling would necessarily implicate the validity of Vincent's conviction and sentence. Accordingly, Vincent's claim, which is directed at the validity of his criminal prosecution and resulting conviction and sentence, are barred by *Heck*. This claim is not cognizable under 42 U.S.C. § 1983 at this time. This claim must therefore be dismissed with prejudice for failure to state a cognizable claim. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## IV.  *Habeas Corpus* Relief

Finally, to the extent that Vincent seeks an immediate or earlier release from confinement, such claim must be raised by petition for *habeas corpus* relief under the provisions of 28 U.S.C. § 2254. *See  Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987). "Challenges to the validity of any confinement or to particulars affecting its duration are

the province of *habeas corpus*." *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004). Therefore, this claim, raised in the context of this § 1983 action, must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, even if this Court were to construe the instant action as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254, dismissal would still nevertheless be appropriate. It is clear that the petition would be time-barred by the federal one-year limitation period set forth in 28 U.S.C. § 2244(d), which period generally runs from the date that the conviction becomes final. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's forceable rape conviction became final many years ago, well after the one-year limitation period expired. *See Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999); *Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003); *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 1077 at fn. 3 (2003). Moreover, there is no evidence or jurisprudence suggesting that the federal limitation period was tolled during the nearly thirty year period which has passed since this conviction became final. *See* 28 U.S.C. § 2244(d)(2).

Nor is Vincent entitled to equitable tolling of the limitation period. Vincent has not shown "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 127 S.Ct. at 1085; *See also Pace*, 544 U.S. at 418. Furthermore, the circumstances faced by

Vincent were not extraordinary, rare or exceptional so as to provide a basis for equitable tolling.

Finally, even if the action had been timely filed, it does not appear that Vincent has properly or timely exhausted state court remedies before filing the instant action. *See* 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of his claims to the state courts in a procedurally proper manner. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998) *citing Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985). In Louisiana, the highest court is the Louisiana Supreme Court. *See also*, 28 U.S.C. § 2254(b)(1).

Vincent apparently presented his claim against deMahy to the Louisiana Attorney

Disciplinary Board.³ However, that does not constitute exhaustion of state court remedies for purposes of § 2254. Thus, this Court could not entertain the action because of Vincent's failure to exhaust. In sum, even if plaintiff's Complaint is liberally construed as a petition for federal *habeas corpus* relief, the Complaint would still be subject to dismissal since plaintiff has not exhausted his state court remedies as it does not appear that he has fairly presented his federal claims to the Louisiana Supreme Court in a timely and procedurally correct manner.

## V. Transfer for Work Release

By separate Motion, Vincent claims that he is eligible for work release and, accordingly, seeks a court order requiring that he be transferred to Iberia Parish so that he can work at the LSU Agriculture Experiment Farm or, alternatively, work offshore as a cook's helper. This request, which seeks an immediate or earlier release from confinement, is likewise not properly presented in the context of a civil rights action, but rather, must be raised by petition for *habeas corpus* relief. *See Doyle v. Dept. of Corrections,* 2012 WL 6814119, *1 (W.D. La. 2012) *citing Cook,* 37 F.3d at 168; *see also Carson*, 112 F.3d at 820; *Pugh*, 875 F.2d at 439; *Preiser*, 411 U.S. at 500; *Serio,* 821 F.2d at 1117; and *Muhammad,* 540 U.S. at 750, *supra*. Therefore, this request must be

---

³The Board rejected Vincent's claim because deMahy is now a full time sitting judge and directed Vincent to present his complaint to the Louisiana Judicial Commission. [rec. doc. 1-2, pg. 1].

denied.[4]

Moreover, to the extent that this request may be construed as a request for transfer from the Pine Prairie Correctional Center to some other correctional facility in Iberia Parish, that allegation does not set forth a Constitutional claim. Prisoners do not have a constitutional right to incarceration in any particular place or at any particular institution. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976)*; Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976); *Parker v. Cook*, 642 F.2d 865, 876 (5th Cir. 1981); *Hutto v. Finney*, 98 S.Ct. 2565, 2571 (1978); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995); and *Jackson v. Cain*, 864 F.2d 1235, 1250 (5th Cir. 1989). The ability to transfer prisoners is essential to prison management and subject to the discretion of the prison administration, an acute interest of the States, which the federal courts

---

[4]To the extent that petitioner is suggesting that the LDOC has improperly calculated his sentence, thereby denying his alleged eligibility to work release, the proper procedure in Louisiana for challenging the computation of a sentence is as follows:

(1) The challenge to the computation of a sentence must first be brought through the Department's administrative grievance process.

(2) Then, if the administrative remedies procedure is unsuccessful, the inmate can seek judicial review in the 19th Judicial District Court, East Baton Rouge Parish. *See* La. R.S, 15:1177 and La. R.S. 15:571.15.

(3) If unsuccessful at the district court level, the inmate can appeal the decision of the 19th JDC to the "appropriate court of appeal," which would be the Louisiana First Circuit Court of Appeal. *See* La. R.S. 15:1177A(10) and R.S.13:312(1).

(4) Should the appeal be unsuccessful, the inmate can seek supervisory review in the Louisiana Supreme Court. *See* La.Code Civ. P. art. 2201; La.Code Crim. P. art. 922.

*Doyle*, 2012, WL 6814119, at fn. 1; *see also State v. Demouchet,* 661 So.2d 1357 (La.1995).

should not supervise. *Meachum; Olim; Montanye; Hutto* and *Jackson, supra.; see also* La. R.S.15:824(A) (granting the Director of the LDOC the discretion to transfer inmates consistent with their commitment and in accordance with treatment, training and security needs of the LDOC).

For the foregoing reasons;

**IT IS RECOMMENDED that** this civil rights action be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED that** Vincent's Motion to Transfer [rec. doc. 5] be **DENIED.**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 4, 2015.

*[Signature]*

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT
DATE: 2/4/15
BY: cgc
TO: RTH,pj